United States District Court
Southern District of Texas

**ENTERED**

June 11, 2026

Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| ISLOM SALOKHIDDINOV, | § | |
| "Petitioner," | § | |
| | § | |
| v. | § | |
| | § | Civil Action No. 1:26-cv-00096 |
| DEPARTMENT OF HOMELAND | § | |
| SECURITY, *et al.*, | § | |
| "Respondents." | § | |

## ORDER

Before the Court is Petitioner's "Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241" (Dkt. No. 1) ("Petition"), Petitioner's "Motion for Immediate Release and Status of Case" (Dkt. No. 9) ("Original Motion"); the "Magistrate Judge's Report and Recommendation" (Dkt. No. 10) ("R&R"), and Petitioner's "Motion for Immediate Release from Custody" (Dkt. No. 12) ("Second Motion").

The Magistrate Judge recommended this Court (1) dismiss without prejudice the Petition (Dkt. No. 1) and (2) direct the Clerk of Court to close the case. Dkt. No. 10 at 6. When a party objects to a magistrate judge's report and recommendation, the Court reviews the matter de novo. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989). Even though Petitioner's Second Motion (Dkt. No. 12) is not styled as an objection to the R&R, in an abundance of caution, the Court has reviewed the matter de novo. After such review, the Court **ADOPTS** the R&R (Dkt. No. 10).

### I.    BACKGROUND

Petitioner is a citizen of Tajikistan. Dkt. No. 1 at 1. On March 2, 2026, an Immigration Judge issued a final order of removal. *See* Executive Office of Immigration Review (EOIR), Automated Case Information, https://acis.eoir.justice.gov/en/caseInformation, (last visited June 11, 2026) ("Automated Case Information"). Petitioner did not timely file an appeal to the Board of Immigration Appeals ("BIA") by the April 3, 2026 deadline. *See id.*

### II.    LEGAL STANDARD

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. of Am.*, 511 U.S. 375, 377 (1994) (internal citations omitted). A court has "a continuing obligation to examine the basis for their jurisdiction[,]" *MCG, Inc. v. Great W. Energy Corp.*, 896 F.2d 170, 173 (5th

1 / 3

Cir. 1990), and if it "determines…that it lacks subject-matter jurisdiction," it must dismiss the action." FED. R. CIV. P. 12(h)(3). Ripeness is an "essential component [] of federal subject-matter jurisdiction." *Sample v. Morrison*, 406 F.3d 310, 312 (5th Cir. 2005).

### III.    DISCUSSION

Because Petitioner has not been detained for over six months since his removal order became final, *see* Dkt. No. 12 at 2, his claim is unripe.

Once an alien has been ordered removed, 8 U.S.C. § 1231 ("§ 1231") requires the Attorney General to remove him from the United States within a period of 90 days. 8 U.S.C § 1231(a)(1). During this 90-day "removal period," the alien must be detained. 8 U.S.C. § 1231(a)(2).

If an alien has not been removed within the 90-day period, detention shifts from § 1231(a)(2) to § 1231(a)(6), under which the government "may" prolong detention "beyond the removal period." 8 U.S.C. § 1231(a)(6). But § 1231(a)(6) does not give the government license to detain indefinitely; in *Zadvydas v. Davis*, 533 U.S. 678 (2001), the Supreme Court read a limit into such detention. *Id*. at 701. Once it "exceeds a period reasonably necessary to secure removal" and removal "is no longer reasonably foreseeable," detention under § 1231(a)(6) becomes constitutionally excessive. *Id*. To facilitate "uniform administration in federal courts," the Supreme Court recognized a 6-month "presumptively reasonable period of detention." *Id*. at 701. If a petitioner seeks release from detention during the presumptively reasonable 6-month period, his claim is premature. *Agyei-Kodie v. Holder*, 418 F. App'x 317, 318 (5th Cir. 2011).

Petitioner's order of removal became administratively final on April 3, 2026: the day his appeal to the BIA was due.[1] Dkt. No. 12 at 2. Because Petitioner is only 2 months into the initial 6-month period of presumptively valid detention, his claim under *Zadvydas* is premature, and the Court lacks subject matter jurisdiction to consider it.

That Petitioner was initially detained under a different, pre-final-order-of-removal statutory provision is immaterial. Here, the removal order has become final, and detention has accordingly shifted to § 1231. That transition forecloses any claim for relief predicated on a pre-final-order-of-removal statute, and the Court declines to retroactively assess the propriety of detention under a statute no longer exercised. *See Andrade v. Gonzales*, 459 F.3d, at 543 (holding that petitioner could "no longer state a claim for relief under 8 U.S.C. § 1226(c)" once § 1231 became applicable); *Agyei-Kodie*, F.App'x, at 318 ("[petitioner] is

---

[1] A removal order becomes "administratively final" under 8 U.S.C. § 1231(a)(1)(B)(i) upon "(i) a determination by the Board of Immigration Appeals affirming such order; or (ii) the expiration of the period in which the alien is permitted to seek review of such order by the Board of Immigration Appeals." 8 U.S.C. § 1101(a)(47)(B).

2 / 3

no longer detained pursuant to § 1226, and his claims challenging his detention under that statute are moot").

### IV.    CONCLUSION

For these reasons, the R&R (Dkt. No. 10) is hereby **ADOPTED** and the Petition (Dkt. No. 1) is **DISMISSED without prejudice**.[2] Petitioner's Initial Motion (Dkt. No. 9) and Second Motion (Dkt. No. 12) are both **DENIED** as moot. The Clerk of the Court is **INSTRUCTED** to close this case.

SIGNED this June 11, 2026

_____
Rolando Olvera
United States District Judge

---

[2] In his Second Motion, Petitioner provides that (1) Respondents arrested him without a warrant and (2) he was refused the interpreter of choice in a hearing before an IJ. Dkt. No. 12 at 1-2. Because issues raised for the first time in objections to a magistrate judge's report are deemed not properly before the district court, *see United States v. Armstrong*, 951 F.2d 626, 630 (5th Cir. 1992), the Court does not consider them.

3 / 3